IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHELLE GUTIERREZ,

    Plaintiff,

v.                                                                                       No. 1:19-cv-00124-KBM

MARCELLO'S CHOPHOUSE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO PROCEED IN FORMA PAUPERIS**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 13, 2019.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed. Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant

to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* At 339.

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and stated: (i) her average monthly income amount is $1,800.00 in unemployment payments; (ii) her monthly expenses total $2,065.00; (iii) she has no funds in cash or in bank accounts. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because she signed an affidavit declaring that she is unable to pay the costs of these proceedings, she has no cash or funds in bank accounts, and her monthly expenses exceed her monthly income.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because Plaintiff has not provided the Court with the addresses of Defendants. The Court will order service if Plaintiff files a motion for service which provides addresses where the Defendants may be served.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 13, 2019, is **GRANTED.**

```
_____
UNITED STATES MAGISTRATE JUDGE
```