IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE GUTIERREZ,

    Plaintiff Pro Se,

vs.                                     NO. 19-CV-0124 JCH/JFR

MARCELLO'S CHOPHOUSE,
MARCELLO'S CHOPHOUSE, LLC,
UNITED RESTAURANT & HOSPITALITY
CONSULTANTS, UNITED RESTAURANT
GROUP, JIM HENNING/OWNER & COO,
ROBERT WALKER/PRESIDENT & CEO

    Defendants.

## DEFENDANT MARCELLO'S CHOP HOUSE, LLC'S RULE 12(B)(1) AND RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT

Defendant Marcello's Chop House, LLC ("Marcello's"), incorrectly named by Plaintiff as Marcello's Chophouse and Marcello's Chophouse, LLC, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), submits its Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. Plaintiff Michelle Gutierrez ("Plaintiff") filed this employment discrimination lawsuit against her former employer, United Restaurant & Hospitality Consultants, LLC ("United"), along with Marcello's and two individual United defendants. Plaintiff's lawsuit fails as to all the named Defendants because she did not file her EEOC Charge of Discrimination within 300 days of the alleged discriminatory actions, and therefore did not exhaust her administrative remedies. Plaintiff also failed to exhaust her administrative remedies as to Marcellos' because she did not list Marcello's as a respondent on the EEOC Charge of Discrimination. For these reasons, Plaintiff's lawsuit should be dismissed with prejudice.

1

## I. FACTS

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 1, 2017, naming only United as a respondent. *See* EEOC Charge of Discrimination, 543-2017-00655, attached hereto as Exhibit A.[1] The EEOC subsequently dismissed Plaintiff's Charge of Discrimination on November 13, 2018. *See* Dismissal and Notice of Rights, Page 9 of Plaintiff's Nature of the Action ("Complaint"), [Doc. 1], filed February 13, 2019, at 9 ("The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."). Following the Dismissal and Notice of Rights, Plaintiff filed this Complaint before this Court on February 13, 2019.

## II. RELEVANT LAW

### A. STANDARD OF REVIEW.

A motion to dismiss for failure to exhaust administrative remedies under the EEOC raises the issue of whether the Court has subject matter jurisdiction over the matter, and hence a Rule 12(b)(1) motion to dismiss. *See Bates v. New Mexico Corrections Dept.*, No. CIV 08-1013 JB/RLP, 2010 WL 4339367, at *10 (D.N.M. Sept. 30, 2010) ("Filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of

---

[1] The Court may consider Plaintiff's Charge of Discrimination and the EEOC's Dismissal and Notice of Rights without converting this Motion into a motion for summary judgment as each document is subject to judicial notice as an administrative order, other document in the official record of administrative, or other public document, and/or the documents are otherwise incorporated into the complaint by reference and central to Plaintiff's claims. *See Harvey E. Yates Co. v. Cimarex Energy Co.*, No. 12-857 JH/SMV, 2014 WL 11512599, at *2 (D.N.M. Mar. 5, 2014) ("No conversion is required, however, when the court considers information that is subject to proper judicial notice or documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned."); *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1262 & n.3 (D.N.M. 2011) (taking judicial notice of NMHRD's administrative record and considering charge of discrimination without converting motion to dismiss to one for summary judgment).

2

employment discrimination under Title VII and the Rehabilitation Act. Without such a filing, federal courts lack subject-matter jurisdiction to entertain discrimination claims under that statutes, and a rule 12(b)(1) motion to dismiss is procedurally proper.") (internal citations omitted). The Tenth Circuit, however, "treats a plaintiff's failure to timely exhaust administrative remedies not as a jurisdictional issue, [but] rather . . . as an affirmative defense to be raised by [defendants]" *Id.* at \*12 (alterations in original). Therefore, a motion to dismiss for subject matter jurisdiction under Federal Rule 12(b)(1) based on a plaintiff's failure to exhaust administrative remedies is analyzed under Federal Rule 12(b)(6). *Id.*

Federal Rule 12(b)(6) empowers the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor." *Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1207, 1247 (D.N.M. 2014). "To decide a Rule 12(b)(6) motion to dismiss, courts are restricted to considering the contents – or four corners – of the complaint and any 'documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice.'" *Baca v. Ace American Ins. Co.*, Civ. No. 15-0151 KG/KBM, 2016 WL 10538192, \*6 (D.N.M. Apr. 15, 2016) (quoting *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)).

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must meet the pleading standard set forth under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint "must

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although this pleading standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 500 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### B. TITLE VII EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Title VII claims must be administratively exhausted by the plaintiff before pursing the Title VII claims in federal court. The exhaustion of administrative remedies means that the claimant, in this case Plaintiff, must "(i) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge; and (ii) receive notice of the right to sue." *Bates*, 2010 WL 4339367, at *10. "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). New Mexico, through the New Mexico Human Rights Act ("NMHRA"), has its own employment discrimination legislation and contact agencies, and therefore a 300-day time limit to file a

Charge of Discrimination with the EEOC applies. *See* 29 C.F.R. § 1601.74 (2005). Failure to exhaust these administrative remedies, including the 300-day time limit, results in the claim being time-barred. When a claim is time-barred, the federal court is then without subject matter jurisdiction to entertain a Title VII discrimination claim, and therefore, a motion to dismiss is procedurally proper. *See Encinias v. New Mexico Highlands Univ.*, No. 12-CV-835 WJ/KBM, 2012 WL 13076200, at *3 (D.N.M. Oct. 11, 2012) ("To properly exhaust administrative remedies, a plaintiff must comply in a timely manner with all applicable deadlines; failure to do so results in the claims being time-barred.") (citations omitted).

### III.  ARUGMENT

#### A. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO FILING HER COMPLAINT BEFORE THIS COURT.

Plaintiff alleges that Defendants engaged in unlawful employment practices, subjected Plaintiff to a hostile work environment, and suffered adverse employment actions "[s]ince at least Nov. 2015." Complaint, [Doc. 1], at 3-5 ("First Claim for Relief" and "Second Claim for Relief"). Plaintiff further alleges that she was discharged by "Defendant Employer" on January 8, 2016." *Id.* at 4, 6 ("Third Claim for Relief"). Plaintiff's Charge of Discrimination states that the discrimination took place during the same time period, between October 18, 2015 and February 8, 2016, a month after she claims she was fired. *See* Exhibit A. Even taking Plaintiff's broadest time period as true, October 15, 2018 to February 8, 2016, Plaintiff failed to exhaust her administrative remedies. To timely exhaust her administrative remedies, Plaintiff needed to file a charge no more than 300 days after she claims she was first subjected to discrimination, which began sometime in October or November 2015, and no more than 300 days after she claims she was fired on January 8, 2016. Plaintiff did not file a Charge of Discrimination until May 1, 2017, which is over a year and a half after she claims she was first discriminated against by

5

Defendants, and about a year and four months after she claims she was discharged by Defendants. Seeing how a there are 365 days in a year, Plaintiff was well outside the 300 day limit when she filed her Charge of Discrimination on May 1, 2017. Plaintiff's Complaint in its entirety must be dismissed with prejudice because she failed to timely exhaust her administrative remedies prior to filing her Complaint in this Court.[2].

### B. PLAINTIFF FAILED TO NAME MARCELLO'S CHOP HOUSE AS A RESPONDENT IN THE UNDERLYING CHARGE OF DISCRIMINATION.

The general rule is that "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." *Harris v. City of Truth or Consequences*, No. CIV 02-1608 RB/LAM, 2003 WL 27384847, at *3 (D.N.M. Sept. 24, 2003) (quoting *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981), *vacated on other grounds*, 456 U.S. 955 (1982)). The narrow exception to this rule is when "there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* (citing *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)). When this exception exists, the omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII, instead, four factors are analyzed to determine whether the omission of the defendant's name requires dismissal. *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1268 (D.N.M. 2011). The four factors are as follows:

---

[2] Plaintiff's conclusory allegation that "[all conditions precedent to the institution of this lawsuit have bee[n] fulfilled," Complaint, [Doc. 1], at 3, ¶ 11, is not sufficient to establish exhaustion. *See Muller v. Vilsack*, Civ. No. 13-0431 MCA/SMV, 2014 WL 12787997, at *7 (D.N.M. Sept. 30, 2014), *aff'd sub nom. Muller v. Perdue*, 744 F. App'x 555 (10th Cir. 2018) ("Having been presented with facts which suggest that Plaintiff did not exhaust his administrative remedies against [Defendant], the Court may no longer presume the truthfulness of the allegations in the amended complaint. Indeed, once [Defendant] launched its factual attack, Plaintiff was required to present contrary evidence demonstrating that he in fact exhausted his administrative remedies against [Defendant].").

6

>   1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (internal quotation marks and citation omitted).

As stated above, Plaintiff did not list Marcello's as a respondent on her Charge of Discrimination, filed May 1, 2017. *See* Exhibit A. The only respondent listed on the Charge of Discrimination is United. *Id.* In analyzing the four factors listed above, and pursuant to Rule 12(b)(6), it is clear that the omission of Marcello's name from the Charge of Discrimination requires that Marcello's be dismissed with prejudice from this lawsuit. In looking at the first factor, Marcello's name was known by Plaintiff at the time she filed the Charge of Discrimination as evidenced by the fact that Plaintiff references Marcello's in the narrative portion of her Charge. In looking at the second factor, the interests of the named party, United, are *not* so similar to Marcello's that it was unnecessary to include Marcello's in the EEOC proceedings. Plaintiff's Charge of Discrimination states that "[i]n 2014 Marcello's began being managed by United Restaurant and Hospitality Consultants. In 10/2015 I was asked to take a leave of absence and assist the Respondent in opening a new restaurant in Peoria, Illinois." Exhibit A. Plaintiff's own EEOC Charge of Discrimination narrative, when she talks about her leave of absence from working at Marcello's to assist Respondent (listed as United in the Charge of Discrimination) in opening a new restaurant, makes it clear that Marcello's and United's interests were not so similar so that Marcello's did not need to be named in the EEOC Charge of Discrimination. In looking at the third factor, Marcello's was most certainly prejudiced by not

7

being included in the EEOC proceedings. Marcello's was never given the opportunity to respond to Plaintiff's underlying EEOC Charge of Discrimination. This is supported by the Dismissal and Notice of Rights being sent only to Jim Henning, owner of United, along with a New York attorney, who was not representing Marcello's. The fourth, and final, factor also weighs in favor of Marcello's. Again, because Plaintiff's own set of facts indicate that she took a leave of absence from Marcello's to assist United in opening a restaurant, in a different state, it is clear that Marcello's did not represent to Plaintiff that Marcello's relationship with Plaintiff was through United. Therefore, because all four factors weigh in favor of Marcello's, Plaintiff's Complaint as it relates to Marcello's should be dismissed with prejudice for her failure to exhaust administrative remedies against Marcello's.

## IV. CONCLUSION

For the foregoing reasons, Defendant Marcello's Chop House, LLC, respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice, and for all further relief this Court deems appropriate.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Mia K. Lardy*
    Tiffany L. Roach Martin
    Mia K. Lardy
    tlr@modrall.com
    mlk@modrall.com
    Post Office Box 2168
    Albuquerque, New Mexico 87103-2168
    Telephone: 505.848.1800
    *Attorneys for Defendant Marcello's Chop House, LLC*

I HEREBY CERTIFY that on the 1st day of November, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Erika E. Anderson
Law Offices of Erika E. Anderson
2025 Rio Grande Blvd., N.W.
Albuquerque, NM 87104
Erika@eandersonlaw.com

**By U.S. mail**:

Michelle Gutierrez
990 18th Street, NW
Albuquerque, NM  87104
*Plaintiff pro se*

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By:  */s/Mia K. Lardy*
       Mia K. Lardy

W3538668.DOCX

9