# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

MICHELLE GUTIERREZ,

       Plaintiff,

v.                                                               No. Civ. 19-124 JCH/JFR

MARCELLO'S CHOPHOUSE,
MARCELLO'S CHOPHOUSE LLC,
UNITED RESTAURANT & HOSPITALITY
CONSULTANTS,
UNITED RESTAURANT & HOSPITALITY
GROUP,
JIM HENNING/OWNER & COO, and
ROBERT WALKER/PRESIDENT & CEO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the following motions: (1) Defendant Jim Henning's "Request Order & Motion of Dismissal" (ECF No. 17), filed *pro se*; (2) Defendant Marcello's Chop House, LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (ECF No. 26); (3) Defendant United Restaurant & Hospitality Consultants, United Restaurant Group, and Jim Henning's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (ECF No. 28); and (4) Plaintiff Michelle Gutierrez's "Pro Se Opposition Motion to Deny Defendant Marcello's Chop House, Reply in Support to its Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support" (ECF No. 33). The Court, having considered the motions, pleadings, evidence, applicable law, and otherwise being fully advised, concludes that Defendants' respective motions to dismiss should be denied and Plaintiff's motion should be granted to the

limited extent it requests the Court deny the motion filed by Defendant Marcello's ChopHouse, LLC (hereinafter "Marcello's"), but should otherwise be denied.

## I.   FACTUAL ALLEGATIONS IN COMPLAINT

The following facts are those set forth in Plaintiff's complaint. Defendant Jim Henning is the founder, COO, and co-owner of United Restaurant and Hospitality Consultants, also known as United Restaurant Hospitality Group (hereinafter "United"). *See* Compl. ¶¶ 4-5, ECF No. 1. Defendant Robert Walker is the President and CEO of United, which did business in New Mexico as Marcello's Chophouse, or Marcello's Chophouse, LLC (hereinafter "Marcello's"). *Id.*[1] Marcello's, United, Henning, and Walker did business as an integrated enterprise with common management by Henning, Walker, and United. *Id.* Defendants employed Plaintiff at Marcello's. *Id.* ¶ 13.

Defendants sent Plaintiff to Peoria, Illinois, to train servers at a United-managed property, which Defendants Walker and Henning owned and for which Defendant Walker was the General Manager. *See id.* During this out-of-state training for servers, Defendants "required [her] to share living space with several male superiors." *See id.* ¶ 14. Plaintiff was not given a private room with a bathroom, despite one being available, and at times she was "relocated to the couch in [a] common area/living room, so a male supervisory, managerial official and/or coworker could occupy her private bedroom." *Id.* "Defendant namely, Robert Walker, would arrange for Plaintiff to be alone with him in living quarters," and when Plaintiff was alone, "Defendant got in her bed undressed and grinded up against Plaintiff while Plaintiff was sleeping." *Id.*

Since November 2015, Plaintiff was subject to unwelcome sexual conduct by supervisory,

---

[1] "Defendant Marcello's Chop House, LLC" asserts that Plaintiff has incorrectly named Marcello's Chophouse and Marcello's Chophouse, LLC, in her complaint. *See* Def. Marcello's Resp. 1, ECF No. 34. For purposes of this motion, the Court will refer to the named Defendant as "Defendant Marcello's" for ease of reference.

managerial officials and/or owners, including frequent sexual comments about women's appearance and body parts, requests for sex, frequent sexual remarks and sexual innuendo, and sexual assault. *Id.* Defendants discharged Plaintiff on January 8, 2016, because she did not submit to sexual harassment and she reported the harassment to Defendant Henning, who threatened her unemployment benefits if Plaintiff told anyone about her claims. *See id.* ¶ 15.

On June 21, 2016, Plaintiff sent Defendants a letter of her intent to sue that also sought resolution of the matter. *Id.* ¶ 7. More than 30 days prior to filing her lawsuit, Plaintiff filed an EEOC charge alleging Title VII violations by Defendants. *Id.* ¶ 8. On November 19, 2018, she received a right-to-sue letter from the EEOC dated November 13, 2018. *See id.* ¶ 10 & Dismissal and Notice of Rights, ECF No. 1 at 9. The EEOC determined after its investigation that it "is unable to conclude that the information obtained establishes violations of the statutes," but it did "not certify that the respondent is in compliance with the statutes." Dismissal and Notice of Rights, ECF No. 1 at 9. The letter listed the EEOC Charge Number as 543-2017-00655. *Id.* The EEOC did not select as the reason the EEOC was closing its file that the "charge was not timely filed with EEOC." *Id.* Defendant Henning, as the owner of United, was cc'd on the letter. *See id.*

## II.   PROCEDURAL HISTORY

Plaintiff filed suit on February 13, 2019, alleging unlawful employment practices based on sex and gender, as well as sexual harassment, sexual assault and retaliation, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. *See* Compl. 1, ECF No. 1. She asserts claims for (1) discrimination based on sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a); (2) retaliation arising from Plaintiff's opposition to unlawful employment practices, including sexual harassment, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and (3) discharge and/or constructive discharge because of her sex and in

retaliation for opposition to their unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). *Id.* at 3-6.

On October 21, 2019, Defendant Henning, while proceeding *pro se*, filed a "Request Order & Motion of Dismissal," asking the Court to dismiss the case. *See* Def. Henning's Mot. to Dismiss, ECF No. 17. Defendant Henning asserts that Plaintiff, while working for Defendants, engaged in unprofessional and unethical behavior, including excessive drinking and driving a company car while intoxicated. *See id.* at 1. He contends that she never reported any sexual harassment or other claims while she was employed, and only months after she quit, did she raise past concerns and claims. *Id.* at 1, 3. Defendant Henning argues that Plaintiff's claims are totally false. *Id.* He further notes that Marcello's is no longer in business, and that United no longer is in existence. *Id.* at 3.

In support of his motion, Defendant Henning submitted additional documents regarding the EEOC's investigation, which he says lasted almost three years. *Id.* at 1. Among the documents is an "EEOC Position Paper," purportedly prepared by Christi Bond Walker, Vice President of Human Resources for United, that sets forth the position of Marcello's and United Restaurant Group in response to Ms. Gutierrez's charge of discrimination. *See id.* at 7-10. On page 3 of the letter, it says "Position Paper Gutierrez 00014." *Id.* at 9. Additionally, in an August 22, 2018 letter from Defendant Henning, he stated his company denied wrongdoing, explained his reasons, and addressed complaints by Stephanie Manning, in which he asserted that she was in collusion with Ms. Gutierrez. *See id.* at 4. He further stated in the letter: "It is the position of Marcello's Chophouse and United Restaurant Group that Ms. Gutierrez was not fired for objecting to sexual harassment or sexual advances" but rather for "inappropriate behavior." *Id.* at 6.

On October 22, 2019, counsel entered an appearance on behalf of Defendants Henning,

United Restaurant Hospitality & Consultants, and United Restaurant & Hospitality Group (hereinafter, collectively, "United Defendants"). *See* Notice, ECF No. 20. The United Defendants subsequently filed a motion to dismiss based on Rules 12(b)(1) and 12(b)(6) (ECF No. 28). They argue that Plaintiff filed her Charge of Discrimination more than 300 days after any of the alleged unlawful conduct occurred, and thus, her complaint is time-barred. *See id.* at 4. Additionally, they assert that Plaintiff failed to name the United Restaurant Group and Jim Henning in the underlying Charge, and therefore, the United Restaurant Group and Jim Henning should be dismissed from the suit. *See id.* at 5-7.

Defendant Marcello's separately filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) (ECF No. 26). Defendant Marcello's also argues that the lawsuit must be dismissed as to all named Defendants because Plaintiff failed to file her EEOC Charge within 300 days of the alleged discriminatory actions and failed to list Marcello's as a respondent, and thus, failed to exhaust her administrative remedies as to all Defendants, particularly as to Marcello's. *See* Def. Marcello's Mot. to Dismiss 1, ECF No. 26.

In support of their respective motions, Defendants each submitted and relied on a May 1, 2017 EEOC Charge of Discrimination, No. 543-2017-00655, filed by Plaintiff against United Restaurant & Hospitality Consultants for sex discrimination and retaliation. *See* May 1, 2017 EEOC Charge, ECF No. 26-1 and ECF No. 28 at 8 of 9. In the Charge, Plaintiff asserted that she began working with "Respondent in 2012 (Marcello's Chophouse)," and in 2014, United began managing Marcello's. *Id.* She said that in October 2015 she was asked to take a leave of absence and assist "the Respondent" in opening a new restaurant in Peoria, Illinois, and that on assignment, she was "sexually harassed by the President of the company and this included him putting his head in [her] lap and his hand underneath [her] leg." *Id.* She stated she had to share housing with him

5

in Peoria and he entered her bed while she was sleeping and began "grinding against" her. *Id.* She asserted that she was fired on January 8, 2016 for refusing the President's sexual advances. *Id.*

In response to the motions, Plaintiff asserts that she filed her original EEOC complaint on September 30, 2016, listing all Defendants, and that Defendant Henning and his employee Christi Walker were in direct contact with EEOC investigators as representatives for Marcello's. *See* Pl.'s Resp. 1, 5, ECF No. 30. Plaintiff attached additional documents in support, including an EEOC Charge of Discrimination dated September 30, 2016 (hereinafter "September 2016 EEOC Charge"). *See* Pl.'s Ex. 1, ECF No. 30 at 8. The September 2016 EEOC Charge lists Marcello's Chophouse and United Restaurant + Hospitality Consultants as the named employers who she believes discriminated against her, and she additionally named Robert Walker, President and CEO of United Restaurant + Hospitality Consultants, and Jim Henning, as the founder and owner of United. *See id.* The September 2016 EEOC Charge said to see Attachment A for the factual statement. *Id.* Plaintiff also attached a letter dated June 21, 2016, from her then-counsel to Mr. Henning, detailing her sexual harassment and retaliation allegations and exploring the possibility of a confidential resolution of the matter. *See* Pl.'s Ex. 2, ECF No. 30 at 9-11. Finally, Plaintiff submitted an unsigned and undated EEOC Charge with number 543-2017-00655. *See* Pl.'s Ex. 3, ECF No. 30 at 12.

In reply, Defendant Marcello's asserts that the Court should disregard the new documents Plaintiff attached to her response and only consider the facts in her complaint, the EEOC Dismissal and Notice of Rights, and the EEOC Charge underlying the EEOC dismissal. *See* Def. Marcello's Reply 2, ECF No. 31. Defendant Marcello's argues that the September 2016 EEOC Charge is noticeably deficient because there is no charge number, no date stamp, and no Attachment A to which the charge refers. *See id.* at 2-3. It thus contends that it does not appear Plaintiff filed the

September 2016 EEOC Charge with the EEOC. *Id.* at 3. Regardless of the validity of the September 2016 EEOC Charge, Defendant Marcello's contends that Plaintiff limited her claims to those arising from the EEOC Charge that led to the EEOC's Dismissal and Notice of Rights that she referenced and attached to her Complaint (543-2017-00655), which has the same charge number as the May 1, 2017 EEOC Charge. *See id.* at 3-4. Defendant Marcello's asserts that it was not listed on the EEOC's Dismissal and Notice of Rights, indicating that the September 2016 EEOC Charge was never filed with the EEOC. *See id.* at 4-5. Finally, Defendant Marcello's urges the Court to disregard Plaintiff's purported facts that Marcello's had notice of the EEOC Charge because they are not contained within the Complaint or the documents attached to or referred therein. *See id.* at 5-6.

On December 26, 2019, Plaintiff filed an "Opposition Motion" asking the Court "to dismiss Defendants['] argument on Plaintiff not filing with the EEOC within the 300 day time limit[], which evidence and exhibit attached show Plaintiff did file within the 300 day limitation," and to deny Defendants' motion to dismiss. Pl.'s Opp. Mot. 1-2, ECF No. 33. According to Plaintiff, during the two-year EEOC investigation, an EEOC investigator wanted to add another Marcello's server to Plaintiff's ongoing case who had also claimed sexual harassment, so the EEOC investigator decided to change the EEOC's charge numbers from -00014 to -00655. *See id.* at 4. Plaintiff additionally requests the Court order her compensation and relief; to exclude all testimony and evidence from Christi Bond Walker, the spouse of Defendant Walker; and for default judgment against Defendant Walker for his failure to respond to the court summons. *Id.* at 8-9.

Plaintiff attached more documents that she contends prove that she first filed her EEOC claim on September 30, 2016, within the 300-day limitation period including a signed EEOC Charge dated September 30, 2016 and Attachment A, the factual statement supporting her charge.

7

*See id.* at 4 & Pl.'s Ex. 2, 3, 4, and 5. Plaintiff's Exhibit 2 is a signed Charge dated "Sept. 30 2016" without a charge number, *see* Pl.'s Ex. 2, ECF No. 33 at 12 of 16, while Plaintiff's Exhibit 5 is a signed Charge dated "09-30-2016" with a charge number 543-2017-00014, *see* Pl.'s Ex. 5, ECF No. 33 at 15 of 16. Plaintiff's Exhibit 2 lists United, Marcello's, Robert Walker, and Jim Henning as the employers who discriminated against her, states that the discrimination took place "11/5/15-1/8/16," and says to see Attachment A for a factual statement. Pl.'s Ex. 2, ECF No. 33 at 12 of 16. Exhibit 5 lists Marcello's and United as the employers who discriminated against her, gives dates of discrimination "10-18-2015 – 01-08-2016," and gives a description of the alleged discrimination within the body of the Charge (not in an attachment). *See* Pl.'s Ex. 5, ECF No. 33 at 15 of 16. Plaintiff also submitted a September 30, 2016 letter from her then-attorney's office to the intake supervisor at the EEOC office on 505 Marquette Avenue, NW, regarding "Michelle Gutierrez v. United Restaurant + Hospitality Consultants, Marcello's Chop House, J[i]m Henning and Robert Walker," purportedly enclosing "an original signed charge for our client Michelle Gutierrez" and noting that they "faxed a copy to ensure that the charge is deemed filed today." Pl.'s Ex 1, ECF No. 33 at 11 of 16. Plaintiff asserted that on none of the documents sent by the EEOC to Plaintiff are there any stamps, but that the EEOC gave her September 30, 2016 EEOC Charge a number, demonstrating it was filed within the 300-day limitation period. *See* Pl.'s Resp. 5, ECF No. 33.

Defendant Marcello's filed a response to Plaintiff's "Opposition Motion," arguing that it was procedurally improper because it appears to be a sur-reply to Marcello's motion to dismiss and Plaintiff neglected to file leave of Court, as required by New Mexico Local Rule 7.4(b). *See* Def. Marcello's Resp. 1-2, ECF No. 34. As for the new evidence Plaintiff attached, Defendant Marcello's asserts that the only charge number Plaintiff alleges in her complaint for which the EEOC issued a Dismissal and Notice of Rights is Charge Number 543-2017-00655, which

8

corresponds to the May 1, 2017 charge, not the purported September 2016 charge. *See id.* at 2-3.

In reply in support of her motion, Plaintiff alleges that Defendant Henning and Christi Walker, over the 2-year EEOC investigation, were responding to the EEOC Charge ending in 00014, filed on September 30, 2016, but that they began responding to the revised EEOC charge ending in 00655 "after the EEOC revised Plaintiff['s] original on going complaint to what they wanted, a class action case." Pl.'s Reply 1, ECF No. 35. Plaintiff notes that Defendant Henning, in his motion to dismiss, attached documents carrying the 00014 number. *See id.* at 1-2. Plaintiff asserts that she has a document from her former attorney stating it was "the EEOC who made the decision to revise her on going Sept. 30, 2016 00014 claims to a class action claim and gave her on going claims the charge number of 00655 which she will present to this court." *Id.* at 2. Plaintiff contends she has several more documents corresponding to the 00014 EEOC claims but believes it is the defense attorneys' job to have requested the documents from their clients so that they would not present the Court with half of the facts and evidence. *See id.* at 2-4. She asserts that Defendant Henning, Defendant Walker, and Ms. Walker responded for Marcello's during the two-year EEOC investigation, and therefore, she has exhausted her claims as to Marcello's. *See id.* at 4-5. Finally, Plaintiff asks the Court to rule that Plaintiff has not incorrectly named Marcello's and order that "Marcello's is to be used to represent Marcello's ChopHouse LLC or Marcello's Chop House LLC." *Id.* at 5.

### III.   STANDARD

Defendants seek relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). According to Rule 12(b)(1), a court may dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion made under Rule 12(b)(1) may go beyond the allegations of the complaint and challenge facts upon which subject matter jurisdiction depends. *Davis ex rel. Davis*

*v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003). The Court can also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint must set forth factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8(a)(2) requires only that a Plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless requires the plaintiff to make factual allegations that "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation and alteration omitted). When reviewing a plaintiff's complaint in ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Under Rule 12(d), a court has broad discretion when ruling on a Rule 12(b)(6) motion to refuse to accept extra-pleading materials and resolve the motion solely on the pleading itself. *See Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998). Reversible error may occur if a court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment. *Id*. If the court treats the motion as one for summary judgment, all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). No conversion is required, however, when the court considers information that is subject to proper judicial notice or documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Pace v. Swerdlow*, 519 F.3d 1067,

1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005)).

Generally, a plaintiff may not bring a Title VII claim that was not part of a timely-filed EEOC charge for which she received a right-to-sue letter. *Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1181 (10th Cir. 2018). The purpose of the exhaustion requirement is to give the employer notice of the claims and provide the EEOC the information it needs to investigate and conciliate the dispute between the employee and employer. *See id.* In *Lincoln*, the Tenth Circuit overturned prior precedent in holding that the failure to file an EEOC charge regarding a discrete employment action permits the employer to raise failure to exhaust as an affirmative defense but does not bar a federal court from assuming jurisdiction over the claim. *Id.* at 1185. Consequently, Defendants' reliance on Rule 12(b)(1) for their failure-to-exhaust defense is no longer tenable after *Lincoln*.

The failure to exhaust defense may be raised in a motion to dismiss when the grounds for it appear on the face of the complaint. *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. Apr. 15, 2019) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). When, however, the motion to dismiss raises an affirmative defense that is not plain from the pleadings and outside evidence is presented and considered, federal courts will generally treat the motion as one for summary judgment. *Id.* (quoting *Weise v. Casper*, 507 F.3d 1260, 1267 (10th Cir. 2007)). A court may grant a motion for summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See id.* (quoting Federal Rule of Civil Procedure 56(a)).

## IV.   ANALYSIS

### A. Statute of Limitations and Exhaustion of Administrative Remedies

In her complaint, Plaintiff asserted that she was subject to unwanted sexual touching by Defendant Walker, and when she complained about it to Defendant Henning, Defendants retaliated against her by terminating her employment at Marcello's in violation of Title VII. *See* Compl. ¶¶ 14-15, ECF No. 1. She alleges that Defendants operated as an integrated enterprise under common management by Defendants Henning, Walker, and United. *See id.* ¶ 4. Plaintiff additionally alleged that she sent Defendants a letter of her intent to sue and sought resolution of the matter on June 21, 2016; more than 30 days prior to filing her lawsuit, Plaintiff filed an EEOC charge; and she received a right-to-sue letter from the EEOC on November 19, 2018. *See* Compl. ¶¶ 7-10, ECF No. 1. Plaintiff alleged that an EEOC investigation occurred and found that Defendants Henning and Walker continuously did business for Marcello's. *See id.* ¶ 5. She attached to her complaint the November 13, 2018, right-to-sue letter. *See id.* at 9. The inferences to be drawn from Plaintiff's allegations and the fact that the right-to-sue letter does not check the box that the "charge was not timely filed with EEOC" indicate that Plaintiff exhausted her administrative remedies. Although the right-to-sue letter was mailed to Jim Henning as owner of United, Plaintiff has alleged that he and United were an integrated enterprise with Defendants Walker and Marcello's. Consequently, from the face of the complaint and the exhibit attached thereto, and construing all inferences in Plaintiff's favor, the affirmative defense of failure to exhaust is not apparent. Therefore, if the Court were to consider the motion strictly on the pleading and the exhibit attached, Plaintiff has stated a claim for relief.

Nevertheless, to support Defendants' affirmative defense, they attached the May 1, 2017 EEOC charge as an exhibit to their respective motions to demonstrate that the EEOC charge was not timely filed. *See* Def. Marcello's Mot. to Dismiss 2 & Ex. A, ECF No. 26; United Defs.' Mot. to Dismiss 2 & Ex. A, ECF No. 28. Plaintiff subsequently filed additional documents, including

documents indicating she may have filed a September 2016 EEOC Charge against all Defendants and that Defendants participated in the EEOC investigation stemming from the September 2016 EEOC Charge. If she filed her EEOC charge in September 2016, she would have done so within 300 days from the time she was allegedly fired. If the May 1, 2017 Charge constitutes an amended charge, not an initial charge, it may relate back to the initial filing. *See* 29 C.F.R. § 1601.12 ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.").

Defendants, however, dispute whether Plaintiff ever filed the September 2016 EEOC Charge. *See* 29 C.F.R. § 1601.13 (a)(4)(i)(A) (explaining that documents constituting an EEOC charge "shall be dated and time stamped upon receipt"). Based on the record before it, it is not clear to the Court what documents have been filed with the EEOC and are part of the EEOC record. To resolve all these questions, the Court must look to evidence outside the complaint and exhibit thereto, and thus, the Court cannot do so on motions to dismiss but would have to convert them into motions for summary judgment. According to Rule 12(d), before conversion, this Court must give the parties notice and a reasonable opportunity to present all material. Plaintiff notes in her briefs that she has additional documentation to prove that she exhausted her administrative remedies in a timely fashion and that she could prove at trial that her attorneys filed the September 2016 Charge with the EEOC. Because the parties have not treated the motions as motions for summary judgment, the Court does not have the benefit of affidavits or other sworn testimony on the issue of whether the September 2016 EEOC Charge was filed with the EEOC.

The Court finds that Plaintiff stated a claim under Rule 12(b)(6) and declines to exercise its discretion to accept the extra-pleading materials submitted by the parties. The Court will therefore deny Defendants' motions to dismiss based on exhaustion. Should Defendants request the Court to examine this issue again using evidence outside the pleadings, they must follow the Tenth Circuit's recent directive to file a motion for summary judgment. This course of action will ensure that the Court is considering admissible evidence and will provide Plaintiff an opportunity to respond with admissible evidence, including affidavits, depositions, admissions, interrogatory answers, or other materials in accordance with Federal Rule of Civil Procedure 56.

### B. Defendant Henning's *Pro Se* Motion to Dismiss

Defendant Henning, in his motion to dismiss filed *pro se*, asked the Court to dismiss the case because Plaintiff's claims are false, and she conducted herself in an unprofessional manner. On a motion to dismiss, however, the Court must presume Plaintiff's facts to be true and ask whether she stated a claim based on her factual allegations. The Court will not consider outside evidence at this stage. Having examined the factual allegations of the complaint, the Court finds that Plaintiff has stated a claim and will not grant Defendant Henning's motion to dismiss based on the arguments made therein.

### C. Plaintiff's Opposition Motion

Plaintiff's Opposition Motion is largely a sur-reply brief opposing Defendant Marcello's motion to dismiss. Defendant Marcello's is correct that to file a sur-reply brief, a party must seek permission of the Court before filing, which Plaintiff neglected to do. However, Defendant Marcello's had an opportunity to file a response to Plaintiff's Opposition Motion, so there is no prejudice to Marcello's in the Court's consideration of the arguments made by Plaintiff. As discussed *supra*, the Court has declined to consider any extra-pleading material and instead decide

the motion on the facts of the complaint. Nevertheless, the Court will direct the Clerk of the Court to mail to Plaintiff a copy of the Pro-Se Guide so that Plaintiff may be informed of the Local Rules that she must follow in this litigation as it proceeds.

In her Opposition Motion, Plaintiff seeks relief other than merely denying the motions to dismiss: (i) a default judgment against Defendant Walker, who she contends has not responded to the Court's summons, (ii) exclusion of all statements and documents of Christi Bond Walker, and (iii) a ruling that Plaintiff has not incorrectly named Marcello's and that "Marcello's is to be used to represent Marcello's ChopHouse LLC or Marcello's Chop House LLC." *See* Pl.'s Opposed Mot. 5-6, 8, ECF No. 33.

As for the first request, the Court cannot grant a default judgment against Defendant Walker because it is not clear that a summons was issued to him. On July 31, 2019, the Court entered an Order for Service of Process and Denial of Motion to Appoint Counsel (ECF No. 15), in which the Court ordered the Clerk of the Court to "direct the U.S. Marshal to promptly serve the summons and complaint personally on the three Defendants whose mail was not returned as undeliverable, *i.e.*, Defendants United Restaurant & Hospitality Group, Robert Walker and Jim Henning, and to serve the remaining Defendants once Plaintiff submits amended addresses." Order 5, ECF No. 15. After Plaintiff submitted her notice of amended addresses (ECF No. 16), the clerk noted that summons was issued to "Jim Henning, Marcello's Chophouse, Marcello's Chophouse, LLC, United Restaurant & Hospitality Consultants, United Restaurant & Hospitality Group." *See* Court's Docket, entry dated August 27, 2019. Based on the record, it is not clear whether Defendant Walker was ever served the summons and complaint, and therefore, the Court cannot enter default judgment against him. Instead, the Court orders the Clerk of the Court to direct the U.S. Marshal to promptly serve the summons and complaint personally on Defendant Robert

15

Walker.

As to Plaintiff's request to exclude statements and documents of Ms. Walker regarding the motions at issue, that request is moot as the Court has not relied on documents or statements made by Ms. Walker in deciding these motions. Plaintiff's request to throw such evidence out of court as to other future proceedings is not ripe and the Court finds no grounds to do so. Accordingly, the Court denies Plaintiff's request to not consider any statements or documents by Ms. Walker.

Finally, Plaintiff requests that the Court rule that Plaintiff has not incorrectly named Marcello's and that either spelling is correct in naming the Marcello's entity, either Marcello's ChopHouse LLC or Marcello's Chop House LLC. *See id.* at 3, 5. As noted *supra*, Defendant Marcello's has asserted that its correct name is Marcello's Chop House, LLC. *See* Def. Marcello's Resp. 1, ECF No. 34. Plaintiff, however, made this request for the first time in a reply brief, so Defendant Marcello's has not had a chance to respond. The Court will not grant relief first raised in a reply brief and thus will deny Plaintiff's request without prejudice, meaning that Plaintiff may raise the same or similar request in a separate motion.

**IT IS THEREFORE ORDERED** that

(1) Defendant Jim Henning's "Request Order & Motion of Dismissal" (**ECF No. 17**) is **DENIED**;

(2) Defendant Marcello's Chop House, LLC's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (**ECF No. 26**) is **DENIED**.

(3) Defendant United Restaurant & Hospitality Consultants, United Restaurant Group, and Jim Henning's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (**ECF No. 28**) is **DENIED**.

(4) Plaintiff Michelle Gutierrez's "Pro Se Opposition Motion to Deny Defendant Marcello's Chop House, Reply in Support to its Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support" (**ECF No. 33**) is **GRANTED** to the extent she requests the Court deny Defendants' motions to dismiss, but is otherwise **DENIED** as to her additional requests for relief.

(5) The Clerk of the Court shall direct the U.S. Marshal to promptly serve the summons and complaint in this case personally on Defendant Robert Walker.

(6) The Clerk of the Court shall mail to Plaintiff a copy of the Pro-Se Guide.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**