IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MICHELLE GUTIERREZ,

      Plaintiff,

v.                                                           No. Civ. 19-124 JCH/JFR

ROBERT WALKER/PRESIDENT & CEO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on the *Motion for Default Judgment* (ECF No. 99) filed by Plaintiff Michelle Gutierrez ("Plaintiff" or "Gutierrez") on July 7, 2021. Plaintiff requests that the Court enter judgment against Defendant Robert Walker ("Walker") for sex discrimination against Plaintiff in violation of Section 703(a) of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for retaliation against Plaintiff in violation of Title VII; for retaliatory discharge in violation of New Mexico tort law; and for invasion of privacy -false light. (*See* Pl.'s Mot. 2, ECF No. 99). On August 26, 2021, this Court held a hearing on the motion by Zoom videoconference in which Plaintiff appeared through her attorney, R. Michael Hughes. Defendant Walker has not appeared or otherwise answered this lawsuit in any way. The Court, having reviewed the motion and the evidence, has concerns about an issue not addressed at the hearing concerning whether Plaintiff properly served Defendant Walker to convey to the Court personal jurisdiction over him. Before ruling on Plaintiff's *Motion for Default Judgment*, the Court will provide Plaintiff an opportunity to present evidence and argument on the subject of personal jurisdiction.

      **I.**      **STANDARD**

      A party who defaults concedes the truth of the factual allegations in the complaint as

establishing liability. *See In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). By declining to participate in the judicial process, the non-responding party gives up his right to contest liability. *Id. See also U.S. v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) ("As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint."). Under Federal Rule of Civil Procedure 55(b)(2), the Court may conduct hearings when, to enter or effectuate judgment, it needs to conduct an accounting, determine the amount of damages, establish the truth of an allegation by evidence, or investigate any matter. Fed. R. Civ. P. 55(b)(2)(A)-(D).

A default judgment is void if there is no personal jurisdiction over the defendant. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). Service of process provides the means for a court to assert jurisdiction over the person of the party served. *Id.* "Defects in personal jurisdiction … are not waived by default when a party fails to appear or respond." *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). "Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has **an affirmative duty** to look into its jurisdiction both over the subject matter and the parties." *Id.* at 1203 (bold emphasis added) (holding that a district court may not dismiss an action *sua sponte* for lack of personal jurisdiction *except* when a default judgment is to be entered).

II.     **LAW ON SERVICE OF PROCESS**

Federal Rule of Civil Procedure 4(e)(2)(A) provides for service by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Rule 4(e)(1) also provides for service by following state law in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Plaintiff has

not set forth in her motion whether she is relying on solely on federal service of process rules or state service of process rules. If the latter, she has not set forth or in her motion whether she served process according to New Mexico law – the state in which this court is located – or according to Texas law – the state in which service was purportedly made.

New Mexico permits personal service on the defendant, or if the defendant refuses to accept service, by leaving the process at the location where the defendant has been found. N.M.R.A. 1-004(F)(1)(a). New Mexico also allows for service by mail on an individual so long as the envelope is addressed to the named defendant and that the defendant (or a person authorized by appointment, by law, or by this rule to accept service of process upon the defendant) "signs a receipt for the envelope or package containing the summons and complaint." N.M.R.A. 1-004(F)(1)(b) & 1-004(E)(3). Rule 1-004(E)(1) states: "Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

Texas also permits service by mail. The New Mexico Court of Appeals explained Texas law as follows:

> Under the Texas Rules of Civil Procedure, service may be accomplished by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). The rules also dictate that if the defendant is served by registered mail as provided by Rule 106, "the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107. Texas courts have construed these rules in the following manner: "[A] return of citation served by registered or certified mail must contain the return receipt, and the latter must contain the addressee's signature. If the return receipt is signed by someone else, then service of process is defective." *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex.App.2004) (citations omitted).

*Miller v. Morrison*, 2008-NMCA-092, ¶ 6, 144 N.M. 543. The *Miller* court found service defective where the defendant addressee's signature did not appear on the return receipt. *Id.* The *Miller* court

further stated that, under Texas law, a defendant's actual notice of the suit against him, without proper service, is not enough to convey jurisdiction upon the court to render default judgment against him. *Id.* ¶ 8.

Turning to the facts regarding service in this case, in July and August 2020, service was attempted on Walker at an address in Colorado, but the federal marshal was unsuccessful. (*See* Process Receipt and Return, ECF No. 53.) According to a Proof of Service form, on May 3, 2021, a summons was issued. (*See* Proof of Service, ECF No. 96 at 1 of 2.) Plaintiff's counsel mailed the summons in this case via United States Postal Service certified mail, with return receipt requested. (*Id.*) The summons listed Defendant Robert Walker with an address in Cibolo, Texas. (*Id.*, ECF No. 96 at 2 of 3.) The certified mail receipt is addressed to Robert Walker at the Cibolo, Texas address. (*Id.*, ECF No. 96 at 3 of 3.) In the section to be completed on delivery, the signature is not clear as to the name of the person who signed it. (*Id.*) Next to the signature, however, the "Agent" box is marked, not the "Addressee" box. (*Id.*) In the "Received by" box, the name "R Walker" is printed with date of delivery "5/7/21." (*Id.*)

The Court has an affirmative duty to ensure it has personal jurisdiction over Defendant Walker. Based on the evidence currently before the Court, it does not appear that Defendant Walker, the addressee, signed the receipt for the mail, and thus, the state rules governing service by mail may not have been strictly satisfied. There is also no evidence in the form of an affidavit or other sworn testimony establishing that Robert Walker himself personally took possession of the mail when it was delivered. The Court therefore has questions concerning whether the record is sufficient to show that service of process was proper, and thus, whether the Court has personal jurisdiction over Defendant Walker sufficient to enter default judgment against him. The Court will permit Plaintiff to submit additional evidence and/or legal argument, *with citation to*

4

*supporting authorities*, concerning whether the evidence is sufficient to show compliance with the applicable service of process rules. Should Plaintiff choose to submit additional evidence and/or legal argument, the deadline for doing so is **on or before November 22, 2021**.

    **IT IS SO ORDERED.**

                                            _____
                                            SENIOR UNITED STATES DISTRICT JUDGE